[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 115)
The plaintiff, Charles D. Giannetti, M.D., filed a four-count amended complaint against the defendants, Greater Bridgeport Individual Practice Association (GBIPA) and Physicians Health Services, Inc. (PHS). The plaintiff alleges that he was a member of GBIPA, an organization of physicians who supply medical services to subscribers of PHS, a health maintenance organization. In 1995, GBIPA notified the plaintiff that it intended to terminate the plaintiff's membership in GBIPA, and that the plaintiff would be afforded an opportunity to appeal the CT Page 5201 termination. Although the plaintiff notified GBIPA that he intended to appeal the termination of his membership, no hearing was ever scheduled, and his membership was subsequently terminated over two months later As a result of the termination, PHS patients were not referred to the plaintiff for treatment until his reinstatement, which occurred without any hearing being held.
The plaintiff alleges in count one that GBIPA breached its contract by improperly terminating the plaintiff's membership between March 20, 1995 and July 31, 1995. The plaintiff alleges in count two that PHS is a party to GBIPA's breach of contract because the PHS medical director notified the plaintiff of both the termination and reinstatement of his GBIPA membership. The plaintiff alleges in counts three and four that the actions of GBIPA and PHS, respectively, violate the Connecticut Unfair Trade Practices Act (CUTPA).
PHS filed a motion to strike count four of the amended complaint on the grounds that: (1) the plaintiff merely concludes, but provides no facts to show, that PHS violated CUTPA as required under the cigarette rule; (2) the plaintiff improperly bases the CUTPA count on a breach of contract claim; and (3) the plaintiff alleges no facts to support the allegation that PHS's alleged acts of ratifying or affirming GBIPA's actions violate CUTPA. The plaintiff has filed an objection to PHS's motion to strike count four of the amended complaint.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. The court must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. If facts provable in the complaint would support a cause of action, the motion to strike must be denied.Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1998).
A simple breach of contract, even if intentional, does not amount to a violation of CUTPA. A claimant must show substantial aggravating circumstances attending the breach to recover under the Act. (Internal quotation marks omitted.) Emlee EquipmentLeasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580, 595 A.2d 951 (1991), rev'd on other grounds,31 Conn. App. 455, 626 A.2d 307 (1993). Although CT Page 5202 facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation, Lester v. Resort Complands International,Inc., 27 Conn. App. 59, 71, 605 A.2d 550 (1992), many superior courts have held that a simple claim of breach of contract is not sufficient to give rise to a CUTPA violation, particularly where the complaint simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy. State v. St. Mary'sHospital, Superior Court, judicial district of Waterbury, Docket No. 140111 (February 17, 1998, Espinosa, J.)
Viewing the facts alleged in count four of the amended complaint most favorably to the plaintiff, it is this court's opinion that they fail to support a claim of a CUTPA violation by PHS. The plaintiff has merely re-alleged the breach of contract claim, accompanied by the conclusory allegations that CUTPA prohibits unfair and deceptive trade practices, and that the acts of PHS are an unfair trade practice. In addition, the plaintiff has failed to show how the alleged breach of contract met any of the three prongs of the cigarette test. The defendant has merely alleged a breach of contract claim, without setting forth anyaggravating circumstance as to how or in what respect the plaintiff's conduct offends public policy, is immoral, unethical, oppressive or unscrupulous, or how it caused substantial injury to consumers. Tex-Ray v. Ratick Combustion, Inc., Superior Court, judicial district of Waterbury, Docket No. 132113 (April 7, 1998,Espinosa, J.)
Accordingly, PHS's motion to strike count four of the plaintiffs amended complaint is hereby granted.
MELVILLE, J.